**1056**

UNITED STATES of America,
Plaintiff-Appellant,

v.

ARTICLES OF DEVICE CONSISTING OF
THREE DEVICES . . . "DIA-
PULSE," Defendant-Appellee,

Dr. Rovelle C. Choate, Claimant-Appellee.

No. 75–1317.

United States Court of Appeals,
Sixth Circuit.

March 5, 1976.

Before MILLER, LIVELY and ENGEL,
Circuit Judges.

ORDER

In this action the claimant, Dr. Rovelle C. Choate, has filed his petition for rehearing. It is argued in the petition that the court was in error in reversing the judgment of the district court and remanding the action for entry of judgment overruling the claimant's motion for summary judgment and granting the government's motion. It is insisted that claimant should have had an opportunity to present evidence and that the case should not have been disposed of on summary judgment.

Upon full consideration of the petition to rehear in the light of the entire record, we are of the opinion that the petition presents no matter or issue which was not fully considered and determined by the Court in its opinion of January 12, 1976. As pointed out in the opinion, it was admitted by the claimant that the diapulse devices did not bear adequate directions for use within the meaning of 21 U.S.C. Sec. 352(f)(1). The claimant's sole contention was that he was exempt from the labeling requirement by virtue of the provisions of 21 C.F.R. Sec. 1.106(d), which, in substance, provides that the labeling requirements may be omitted or dispensed with if the article "is a device for which directions, hazards, warnings, and other information are *commonly known to practitioners licensed by law to use the device.*" (Emphasis added).

To determine this question both parties elected to file motions for summary judgment. The affidavits of two qualified physicians, Drs. William D. Paul and David B. Stevens, were submitted in support of the government's motion for summary judgment, and both contained unqualified factu-

al statements that directions for use of the diapulse device were not commonly known among practitioners licensed by law to use the device. The affidavits of the claimant submitted in support of his motion for summary judgment, on the other hand, contained no contrary statement that directions for use of the device were commonly known by such practitioners, with the result that on the basis of the affidavits of both parties, there was no genuine issue of material fact to be tried. No conclusion was possible other than that the claimant was not entitled to the exemption upon which he relied to dispense with the labeling requirements.

Having elected to resort to the summary judgment procedure and having wholly failed to demonstrate any genuine issue of material fact to be tried, upon a trial or at an evidentiary hearing, it necessarily followed that the district court should have granted the government's motion for summary judgment.

It is therefore ORDERED and ADJUDGED that the claimant's petition to rehear be and the same is hereby

DENIED.